**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ERIC R. HESS,** as Executor of the Estate
of Robert C. Hess,

                **Plaintiff,**                1:08-cv-789
                                                        (GLS\RFT)

                v.

**KAREN J. WOJCIK-HESS** and **GENERAL ELECTRIC COMPANY,**

                **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Higgins, Roberts Law Firm<br>1430 Balltown Road<br>Schenectady, NY 12309 | MICHAEL E. BASILE, ESQ. |
| **FOR THE DEFENDANTS:**<br>Office of Richard G. Della Ratta<br>Attorneys for Karen J. Wojcik-Hess<br>147 Barrett Street<br>Schenectady, NY 12305 | JOHN A. DELLA RATTA, ESQ. |
| Bond, Schoeneck Law Firm<br>Attorneys for General Electric Co.<br>111 Washington Avenue<br>Albany, NY 12210-2280 | NICHOLAS J. D'AMBROSIO, JR., ESQ.<br>MATTHEW G. BOYD, ESQ. |

**Gary L. Sharpe**
**District Court Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. Introduction**

Plaintiff Eric R. Hess brought this action as executor of the estate of Robert C. Hess alleging breach of contract and unjust enrichment by defendant Karen J. Wojcik-Hess, and seeking declaratory and injunctive relief against both Karen and defendant General Electric Co. (GE).[1] (*See* Compl., Dkt. No. 1:2.) Karen brought a counterclaim against Eric, alleging that the Employment Retirement Income Security Act (ERISA)[2] preempts Eric's state-law claims. (Dkt. No. 23.) Karen also filed a claim against GE to recover the remaining funds held by GE for Robert. (*Id.*) Pending are (1) Karen's motion to dismiss Eric's claims; (2) Karen's motion for summary judgment on her claim against GE; (3) Karen's motion for summary judgment on her counterclaim against Eric; and (4) Eric's cross-motion for summary judgment on his state-law claims. For the reasons that follow, Karen's motions for summary judgment are granted insofar as Karen is entitled to the proceeds contained in Robert's savings and pension accounts administered by GE. Karen's motion to dismiss Eric's remaining

---

[1] As three parties share the last name Hess, the court will refer to them by their first names.

[2] 29 U.S.C. § 1001, *et seq.*

2

state-law claims is denied. Consequently, the court denies Eric's cross-motion for summary judgment and remands his remaining state-law claims to the New York State Supreme Court, Schenectady County.

## II. **Background**

Defendant Karen Wojcik-Hess and decedent Robert Hess married on October 9, 1993. (*See* Pl. Ex. K, Karen Dep. at 4, Dkt. No. 38:12.) In September 2003, Karen and Robert permanently separated. (*See id.* at 39.) On June 16, 2006, Robert and Karen executed a separation agreement, which was notarized and filed with the Schenectady County Clerk's Office on June 22, 2006. (*See* Pl. Ex. J, Dkt. No. 38:11.)

Under the agreement, Karen acknowledged Robert's retirement savings and pension under a plan administered by GE, and "waive[d] any claim or interest which [she] may have in [Robert's] retirement savings and pension plan." (*Id.* at 8.) Like Robert, Karen accepted the agreement "in full settlement and satisfaction of any and all claims and rights against [Robert], his estate, his heirs or personal representatives" under the laws of New York or any other jurisdiction. (*See id.* at 10-11.) This release included, among other things, claims to "any and all pension, profit sharing, stock options, Keogh, IRA accounts, and testamentary substitutes ... or any

3

same or similar item ...."[3] (*Id.*)  Karen received $40,000.00 as "her share of the equitable distribution of the parties marital assets." (*Id.* at 8; *see also* Pl. Ex. K, Karen Dep. at 93, Dkt. No. 38:12.)  Additionally, Robert promised to maintain Karen on his GE medical insurance plan until they divorced, and pursuant to that promise, Robert agreed not to file for divorce for three and one-half years after executing the separation agreement.  (*See* Pl. Ex. J at 5, Dkt. No. 38:11.)  To preserve the agreement's future effect, the parties agreed to "execute and deliver any and all further instruments and assurances and perform any acts that the other party may reasonabl[y] request ...."  (*Id.* at 15.)

  Robert died on July 23, 2007.  (*See* Pl. Ex. M, Dkt. No. 38:14.)  During his employment with GE, and as of December 2008, Robert accrued approximately $176,140.74 in a GE Savings and Security Program Account (S&SP) and $247,959.06 in a GE Personal Pension Account

---

[3]In addition, the agreement stipulated that:

> [Robert and Karen] mutually remise, release and forever discharge each other from any and all actions, suits, debts, mortgages, bonds, demands and obligations, whatsoever, and any equity, equitable distribution, distributive award or spousal maintenance, which either of them ever had, now has or may hereafter have against the other upon or by reason of this Agreement, it being the intention of the parties that henceforth, there shall be as between them only such rights and obligations as are specifically provided in this Agreement.

(Pl. Ex. J, Karen Dep. at 11-12, Dkt. No. 38:11.)

(PPA).  (*See* Pl. Ex. L., Dkt. No. 38:13.)  In September 2007, GE disbursed $193,731.83 of the PPA to Karen.  (*See id.*; *see also* GE Answer ¶ 11, Dkt. No. 11; Karen Answer ¶ 11, Dkt. No. 15.)

On July 11, 2008, plaintiff Eric Hess, as executor of Robert's Estate,[4] brought an action in New York State Supreme Court, Schenectady County, alleging that Karen breached the July 16, 2006 separation agreement with Robert by receiving payments from Robert's GE PPA and failing to surrender any claims to the funds contained in Robert's GE S&SP.  (*See* Compl., Dkt. No. 1:2.)  Eric also alleged that by retaining the pension payments Karen was unjustly enriched.  (*See id.*)  In conjunction, Eric sought to enjoin and restrain GE from transferring to Karen any remaining proceeds contained in Robert's GE savings and pension accounts, and to enjoin and restrain Karen from transferring or disposing of the proceeds already received from Robert's GE PPA.  (*See id.*)  Additionally, Eric sought attorneys' fees and costs pursuant to Article XIV of the separation agreement, which entitles either party to attorneys' fees upon bringing a successful action for enforcement of the agreement.  (*See id.*; *see also* Pl.

---

[4]Eric was issued Letters of Testamentary on October 31, 2007, by the New York State Surrogate's Court, Schenectady County, appointing him executor of Robert's Estate.  (*See* Pl. Ex. A, Dkt. No. 38:2.)

5

Ex. J at 8, Dkt. No. 38:11.)

On July 22, 2008, GE removed the action to the United States District Court for the Northern District of New York based on federal question jurisdiction, alleging that the action is governed by ERISA.[5]  (Dkt. No. 1.)  Following removal, Karen counterclaimed Eric, contending that ERISA controls and therefore preempts Eric's claims for breach of contract and unjust enrichment.  (Dkt. No. 23.)  Karen additionally filed a counterclaim against GE, seeking disbursement of all funds remaining in Robert's GE savings and pension accounts.  (*Id.*)

On May 29, 2009, Karen moved to dismiss Eric's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (Dkt. No. 33.)  Karen also moved for summary judgment on her counterclaims against Eric and GE.  (*See id.*)  In response, Eric filed a cross-motion for summary judgment on his state-law claims.  (Dkt. No. 37.)

### III. **Standards of Review**

The standards for dismissal pursuant to FED. R. CIV. P. 12(b)(6) and

---

[5] *See* 28 U.S.C. § 1441(b); *see also* 28 U.S.C. § 1331; 29 U.S.C. § 1132(e)(1); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

for summary judgment under FED. R. CIV. P. 56 are well established, and will not be repeated here. For a full discussion of the standards, the court refers the parties to its previous opinions in *Dixon v. Albany County Bd. of Elections*, No. 1:08-CV-502, 2008 WL 4238708, at *2 (N.D.N.Y. Sept. 8, 2008) (Rule 12(b)(6)); and *Bain v. Town of Argyle*, 499 F. Supp.2d 192, 194-95 (N.D.N.Y. 2007) (Rule 56).

## IV. Discussion

### A. ERISA

"ERISA is a remedial statute enacted to protect the interests of beneficiaries of private retirement plans by reducing the risk of loss of pension benefits." *Geller v. County Lines Auto Sales, Inc.*, 86 F.3d 18, 22 (2d Cir. 1996). In order to advance this purpose, ERISA broadly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in [29 U.S.C. §] 1003(a) ...." 29 U.S.C. § 1144(a). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 829 (1988) (emphasis omitted) (citing *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983)). Moreover, "any state-law cause of action that duplicates,

7

supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davil*, 542 U.S. 200, 209 (2004) (citation omitted); *see also* 29 U.S.C. § 1132(a).  Thus, ERISA also preempts state common law causes of action that relate to employee benefit plans.  *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987); *see, e.g.*, *Morlino v. Staten Island Univ. Hosp.*, No. 95 CV 3891, 1998 WL 160937, at *9 (E.D.N.Y. Apr. 1, 1998) (finding claim for breach of separation agreement preempted where merits of the claim were contingent on the rights created by the ERISA plan).  However, an action that "affect[s] employee benefit plans in too tenuous, remote, or peripheral a manner" is not preempted.  *Shaw*, 463 U.S. at 100 n.21; *see, e.g.*, *Hayman-Chaffey v. Landy*, No. 96 Civ. 1900, 1996 WL 282051, at *2 (S.D.N.Y. May 28, 1996) (finding claim for breach of separation agreement not preempted where funds were already dispersed and administration of plan was not implicated).

In determining the eligible beneficiary under a policy governed by ERISA, courts must apply the written terms of the policy rather than state law.  *See Krishna v. Colgate Palmolive Co.*, 7 F.3d 11, 14-16 (2d Cir.

8

1993). Consequently, where a policy includes a clear provision requiring the employee to file a written designation to name or change a beneficiary, neither the court nor the policy administrator may look to a state's trusts and estates, wills, or domestic relations law to determine the proper beneficiaries under the policy. *See id.* at 16. The Second Circuit has cited with approval other Courts of Appeals' holdings that where the beneficiary designation has not been changed, a divorce agreement, divorce decree, or testamentary provision that appears to change the beneficiary is ineffective. *See id.* at 15 (citing *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991) (finding second wife entitled to proceeds of deceased husband's policy despite first wife's claim based on divorce decree dissolving first marriage); *McMillan v. Parrott*, 913 F.2d 310, 311 (6th Cir. 1990) (finding wife who waived "any and all" claims against her ex-husband still entitled to death benefits under ERISA-governed plan); *Maclean v. Ford Motor Co.*, 831 F.2d 723, 728 (7th Cir. 1987) (holding that ERISA preempts state testamentary law in determining beneficiary)).

Under 29 U.S.C. § 1055, the surviving spouse of a participant vested in an ERISA plan is entitled to a "qualified preretirement survivor annuity" if the participant dies before the annuity starting date. *See* 29 U.S.C. §

9

1055(a)(2).  Nonetheless, in "certain limited circumstances," a surviving spouse's consent to the designation of another beneficiary is not required. *Boggs v. Boggs*, 520 U.S. 833, 842 (1997) (citing 29 U.S.C. § 1055(c)(2)). This limited exception allows the Secretary of the Treasury to prescribe by regulation circumstances in which the plan representative may conclude that spousal consent is not necessary.  *See* 29 U.S.C. § 1055(c)(2)(B).  For instance, a participant may waive his surviving spouse's annuity "if the participant is legally separated ... [and] has a court order to such effect." 26 C.F.R. § 1.401(a)-20, Q&A 27 (2006).  However, absent a court order, a legal separation does not operate as a waiver under ERISA.  *See Bd. of Trs. of Equity-League Pension Trust Fund v. Royce*, 238 F.3d 177, 179-82 (2d Cir. 2001).  Moreover, a participant may only elect to waive his surviving spouse's annuity during the "applicable election period," which "ends on the date of the participant's death."  29 U.S.C. §§ 1055(c)(1)(A)(i), 1055(c)(7)(B).

Here, it is clear, and none of the parties dispute, that Robert's S&SP and PPA administered by GE are employee benefit plans of the type described in 29 U.S.C. § 1003(a) and are therefore governed by ERISA. *See* 29 U.S.C. §§ 1002(2); *see also Kennedy v. Plan Adm'r for DuPont*, ---

10

U.S. ----, 129 S.Ct. 865, 868 (2009); *Metro. Life Ins. Co. v. Bigelow*, 283 F.3d 436, 440 n.3 (2d Cir. 2002).  Accordingly, entitlement to the proceeds contained in Robert's S&SP and PPA is governed exclusively by ERISA. *See* 29 U.S.C. § 1144(a).  Therefore, the court must apply the terms of the S&SP and PPA policies in determining the eligible beneficiary.  *See Krishna*, 7 F.3d at 14-16.

The plan documents for Robert's S&SP and PPA expressly provide the manner in which a beneficiary is determined or designated.  *See Krishna*, 7 F.3d at 16.  Section XI of the S&SP plan states that "[t]he surviving spouse, if any, of a Participant shall be entitled to receive upon the death of such Participant any Securities or cash to the Participant's credit under the Program not yet delivered to Participant."  (Karen Ex. C, Dkt. No. 33.)  Alternatively, a participant "may designate a beneficiary or beneficiaries other than his or her spouse provided such spouse, if any, consents to any such designation" in writing and with acknowledgment of the effect of the contemplated designation.  (*Id.*)  Upon the participant's death, the plan documents obligate GE to deliver the contents of the S&SP to the appropriate spouse or beneficiary once it receives "proof deemed adequate by [GE] of the identity and existence at the Participant's death of

11

a spouse or validly designated beneficiary." (*Id.*) As to Robert's PPA, Section XXIII of the plan documents provides that absent a beneficiary designation, "such payment or payments may, in the discretion of the Pension Board, be made to the Employee's Surviving Spouse or to the legal representative, dependent or relative of either the Employee or spouse ...." (Karen Ex. D, Dkt. No. 33.) Further, Section XXIII requires that "[i]f a married Employee designated a beneficiary other than his Spouse such beneficiary designation shall be valid only with Spouse's Consent." (*Id.*; *see also* Pl. Ex. I, Dkt. No. 41:10.) Robert's S&SP and PPA plan documents clearly establish that the participant's surviving spouse is the presumptive beneficiary unless the participant files a written designation naming a new beneficiary. While Karen is not expressly named as the designated beneficiary, it is undisputed that Karen is Robert's surviving spouse. (*See* Karen SMF ¶ 4, Dkt. No. 45:2; *see also* Pl. SMF, Dkt. No. 39.) Eric was never designated as a beneficiary under Robert's S&SP or PPA. (*See* GE Answer ¶ 38, Dkt. No. 11; Pl. SMF, Dkt. No. 39.) Therefore, based on Karen's status as the surviving spouse and the language contained in the S&SP and PPA plan documents, Karen is the presumptive beneficiary of Robert's S&SP and PPA.

12

The separation agreement between Robert and Karen does not change or defeat Karen's eligibility for the proceeds contained in Robert's S&SP and PPA.  The court may not rely on New York State's law regarding trusts and estates, wills, or domestic relations to determine the beneficiary because the plan documents contain clear provisions governing eligibility.  The mere existence of a separation agreement is insufficient to alter a beneficiary's eligibility under ERISA.  *See, e.g.*, *Brown*, 934 F.2d at 1197; *McMillan*, 913 F.2d at 311; *Maclean*, 831 F.2d at 728.  Furthermore, the "limited circumstances" contemplated by the *Boggs* Court in which a surviving spouse's annuity is subject to waiver are not present here.  *See Boggs*, 520 U.S. at 842 (citing 29 U.S.C. § 1055(c)(2)).  Although Eric relies on Robert and Karen's separation agreement as evidence of Karen's consent to waive her rights to the proceeds, he has failed to present an accompanying court order.  *See* 29 U.S.C. § 1055(c)(2)(B); 26 C.F.R. § 1.401(a)-20.  Thus, Robert and Karen's separation agreement does not operate as a waiver under ERISA.  Accordingly, Karen is entitled to payment of the proceeds in Robert's S&SP and PPA in the manner

13

prescribed in the plan documents.[6]

## B. Remaining State-Law Claims

Because the "federal removal predicate" has been resolved, and in light of the interests of comity, federalism, and judicial economy, the court exercises its discretion to remand the remaining state-law claims to the New York State Supreme Court. *See Naylor v. Case & McGrath, Inc.*, 585 F.2d 557, 562 (2d Cir. 1978); *see also* 28 U.S.C. § 1441(c); *Valencia v. Lee*, 316 F.3d 299, 308 (2d Cir. 2003) ("Because this case was commenced in state court, the district court should remand the action to the state court in which it was originally filed.").

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Karen Wojcik-Hess's motions for summary judgment (Dkt. No. 33) on her claims against Eric Hess and General Electric Co. are **GRANTED** insofar as she is entitled to the proceeds of decedent Robert

---

[6] While her failure to submit a Statement of Material Facts in support of her motion for summary judgment does not alter the court's determination, Karen and her counsel are hereby warned that future noncompliance with Local Rule 7.1(a)(3) will result in automatic denial of the motion. *See* N.D.N.Y. L.R. 7.1(a)(3) ("Any motion for summary judgment shall contain a Statement of Material Facts. The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established.... Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion.").

14

Hess's GE Savings and Security Program Account and GE Personal Pension Account; and it is further

**ORDERED** that Karen Wojcik-Hess's motion to dismiss (Dkt. No. 33) Eric Hess's state-law claims is **DENIED**; and it is further

**ORDERED** that Eric Hess's cross-motion for summary judgment (Dkt. No. 37) is **DENIED**; and it is further

**ORDERED** that Eric Hess's motion for attorneys' fees is **DENIED**; and it is further

**ORDERED** that Eric Hess's remaining state-law claims are **REMANDED** to the New York State Supreme Court, Schenectady County; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

January 26, 2010
Albany, New York

_____
United States District Court Judge